# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1535V
UNPUBLISHED

|  |  |
|---|---|
| JANET NIEMI,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: September 13, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.*

*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On October 2, 2019, Janet Niemi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) after receiving an influenza ("flu") vaccine on January 16, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 16, 2021, Respondent filed a Rule 4(c) report in which he recommended that entitlement to compensation be denied, asserting that Petitioner had not established by a preponderance of the evidence that she suffered the first symptoms or manifestation of onset of her shoulder injury within 48 hours of the January 16, 2019 flu vaccination.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

ECF 28. Petitioner subsequently filed a motion for ruling on the record arguing that the evidence satisfies the Table SIRVA requirements. ECF 31. On August 10, 2021, I issued a fact ruling finding that Petitioner's left shoulder pain began within 48 hours of vaccination. ECF 35. In my ruling, I ordered Respondent to file an amended Rule 4 report reflecting his position in light of my fact findings. *Id*. at 6.

On September 13, 2021, Respondent filed an amended Rule 4(c) report in which he states that he does not contest that Petitioner is entitled to compensation in this case.[3] Respondent's Rule 4(c) Report at 6. Specifically, Petitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder; the onset of Petitioner's pain occurred within 48 hours after receipt of an intramuscular vaccination; Petitioner's pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain Petitioner's left shoulder pain. *Id.* at 7. Respondent further agrees that Petitioner suffered the residual effects of her condition for more than six months. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Given my factual findings regarding the onset of Petitioner's SIRVA symptoms, Respondent "advises that he will not defend the case on other grounds during further proceedings before the Office of Special Masters." ECF 36 at 2. Respondent "reserve[d] his right to a potential appeal of [my] ruling and maintains that a finding of entitlement to compensation cannot be sustained if the Finding of Fact is vacated or overturned on appeal." *Id*. at 2, 7.